[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16375
_____

D. C. Docket No. 3:07-cv-00508-MCR-EMT

ESTATE OF MICHELLE EVETTE MCCALL,
by and through co-personal representatives
Edward M. McCall II, Margarita F. McCall,
and Jason Walley,
EDWARD M. MCCALL, et al.,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 1, 2014)

Before MARTIN and EDMONDSON, Circuit Judges, and HODGES,[*] District
Judge.

_____

[*] Honorable William Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

After a bench trial, the Estate of Michelle McCall, her parents, and the father of her son (collectively Plaintiffs) received a judgment against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, for Michelle McCall's wrongful death.  A more detailed recitation of the facts and procedural history is set forth in our previous opinion, Estate of McCall ex rel. McCall  v. United States, 642 F.3d 944, 946–48 (11th Cir. 2011).

Relevant here is the district court's application of Florida's statutory cap on noneconomic damages for medical malpractice claims to limit Plaintiffs' recovery of noneconomic damages to $1 million, despite its finding that Plaintiffs' noneconomic damages totaled $2 million.  See Fla. Stat. § 766.118(2).  In its order applying Florida's noneconomic damage cap, the district court also denied Plaintiffs' motion for partial summary judgment, which challenged the constitutionality of the cap under the United States and Florida Constitutions.[1] Plaintiffs appealed both the application and constitutionality of the cap.

In our previous order, we affirmed the district court's application of Florida's noneconomic damage cap and concluded that the cap did not violate the

---

[1] The district court proceeded reluctantly with the state constitutional questions, noting this case raised novel issues of state law, but also recognizing that the Florida Supreme Court does not have authority to accept certified questions from a United States District Court.

Equal Protection Clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment of the United States Constitution, or the Takings Clause of Article X, § 6(a) of the Florida Constitution. Estate of McCall ex rel. McCall, 642 F.3d at 948–51. But because several of Plaintiffs' remaining constitutional challenges raised important questions about the interpretation and application of Florida law that were unsettled, we certified four questions to the Florida Supreme Court. Id. at 952–53.

On March 13, 2014, the Florida Supreme Court issued its answer to these certified questions, Estate of McCall v. United States, 134 So. 3d 894 (Fla. 2014), which is attached here as Appendix I. The Florida Supreme Court rephrased the first question as:

> Does the statutory cap on wrongful death[2] noneconomic damages, Fla. Stat. § 766.118, violate the right to equal protection under Article I, Section 2 of the Florida Constitution?

Appendix I at 2. The Florida Supreme Court answered this question in the affirmative. Id. at 7–40. As a result, the Florida Supreme Court found it unnecessary to answer the remaining certified questions. Id. at 40–42.

Based on the Florida Supreme Court's conclusion that Fla. Stat. § 766.118's statutory cap on wrongful death noneconomic damages violates the Equal

---

[2] Because the legal analyses for personal injury damages and wrongful death damages under Florida law are not the same, the Florida Supreme Court limited its analysis to the wrongful death damages at issue in Plaintiffs' case. Appendix I at 7 n.2.

3

Protection Clause in Article I, Section 2, of the Florida Constitution, we reverse the district court's order applying the cap and remand this case for further proceedings consistent with the Florida Supreme Court's opinion, as well as this Court's previous opinion.

**REVERSED in part and REMANDED.**